## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN KING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7139** |
| **PARK HOTELS & RESORTS, INC., ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the Plaintiff, Gwendolyn King.[1]  The Defendants, Park Hotel & Resorts, Inc. and Sedgwick Claims Management Services, Inc., oppose the Motion.[2]  After careful consideration of the parties' memoranda and the applicable law, the Court **DENIES** the Motion.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Gwendolyn King alleges that on August 5, 2022 she tripped and fell backwards when her suitcase wheel became stuck in the escalators located at the Hilton New Orleans Riverside Hotel, owned and operated by Defendant Park Hotel & Resorts, Inc.[3]  On July 28, 2023, Plaintiff filed suit against the Defendants in the Civil District Court for the Parish of Orleans, State of Louisiana claiming that the negligence of the Defendants in failing to inspect and warn hotel guests of the dangerous conditions of the hotel escalators caused her to suffer myriad emotional and physical injuries including injuries to her left elbow, right knee, and lower back.[4]  In her state court Petition, Plaintiff averred that the damages sought exceeded

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] *See* R. Doc. 1-1 at p. 3.
[4] *See id.* at pp. 3–5.

$10,000 but claimed that she was "unsure at present whether her damages exceed the minimal jurisdictional threshold required to maintain federal court jurisdiction."[5]

Plaintiff served Defendant Sedgwick Claims Management Services, Inc. with a copy of her Petition on September 15, 2023[6] and served Defendant Park Hotel & Resorts, Inc. a week later on September 22, 2023.[7]  Both Defendants filed an Answer and Dilatory Exception of Nonconformity and/or Vagueness in the state court proceedings on October 26, 2023 and propounded Requests for Admission on the Plaintiff on the same day.[8]  Specifically, the Defendants requested the Plaintiff to admit that the amount of damages sought exceeds $75,000, exclusive of costs and interest.[9]  Plaintiff was required under Louisiana law to respond to the Requests for Admission within thirty days of service.[10]  Plaintiff failed to so respond before November 27, 2023.[11]

The Defendants removed this action to this Court on December 1, 2023 on the basis that Plaintiff's failure to respond to the Request for Admission regarding whether her claim exceeded $75,000 constitutes an "other paper" for purposes of determining the timeliness of the removal.[12]  In their Notice of Removal, Defendants contended that because the removal took place within thirty days of when the

---

[5] *Id.* at p. 6.
[6] *Id.* at p. 12.
[7] *Id.* at p. 10.
[8] R. Doc. 11-2 & 11-3.
[9] R. Doc. 11-3.
[10] *Id.*; La. Code Civ. Proc. art. 1467(A).
[11] R. Doc. 1 at ¶ 8.
[12] *Id.*

deadline for Plaintiff to respond to the Request for Admission lapsed, their removal was timely.[13]

Plaintiff timely filed the instant Motion to Remand on December 28, 2023 arguing that the removal was procedurally defective because the Defendants did not timely remove the action.[14]  Plaintiff claims that the removal is untimely because the Defendants were personally served on August 17, 2023 and did not remove this action until December 4, 2023[15], more than thirty days after the Defendants received the Plaintiff's state court Petition.  As such, the Plaintiff argues that this matter should be remanded due to the untimeliness of the removal.

The Defendants filed a response in opposition to the Motion in which they argue that the Motion should be denied because they timely removed the Plaintiff's state court Petition.[16]  According to the Defendants, the basis for federal jurisdiction did not become apparent until November 27, 2023 when Plaintiff was deemed to have admitted that she seeks greater than $75,000 in damages by failing to timely respond to the Defendants' Request for Admission.[17]  Because the Defendants removed the action several days later on December 1, 2023, the Defendants argue, the removal was timely.

---

[13] *Id.*

[14] R. Doc. 9.

[15] The Plaintiff incorrectly states throughout their briefing that the Defendants removed this action on December 4, 2023.  The record demonstrates that this action was removed to this Court on December 1, 2023.  *See* R. Doc. 1. Plaintiff also incorrectly states that the defendants were served on August 17, 2023. The record demonstrates that Sedgwick Claims Management Services, Inc. was served on September 15, 2023 and Defendant Park Hotel & Resorts, Inc. was served on September 22, 2023. *See* R. Doc. 1-1 at pp. 10 and 12.

[16] R. Doc. 11.

[17] *Id.* at p. 5.

## II.     LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[18]  The removing party bears the burden of proving federal diversity jurisdiction.[19]  The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[20]  Remand is proper if at any time the court lacks subject matter jurisdiction.[21]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[22]

Even if the requirements of subject-matter jurisdiction are satisfied, the removing party must meet certain procedural requirements.  One such requirement is that the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."[23]  However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

---

[18] 28 U.S.C. § 1441(a).
[19] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[20] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[21] *See* 28 U.S.C. § 1447(c).
[22] 28 U.S.C. § 1332(a)–(a)(1).  There is no dispute that the complete diversity requirement is satisfied in this case.
[23] 28 U.S.C. § 1446(b)(1).

ascertained that the case is one which is or has become removable."[24]  Because this procedural requirement and bar to removal does not implicate subject matter jurisdiction—and is therefore waivable—a plaintiff must file a motion to remand based on this defect within thirty days of the filing of the notice of removal under 28 U.S.C. § 1446(a).[25]  Further, the Court may order the "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal" when issuing an order remanding a case.[26]

## III.   ANALYSIS

Plaintiff argues that the Notice of Removal in this case was untimely filed because the Defendants did not remove this matter within thirty days of being served with the Plaintiff's state court Petition.   Although Plaintiff claims that the Defendants were both "personally served" on August 17, 2023, Plaintiff provides no support for this assertion.   Moreover, the record evidence contradicts Plaintiff's assertion.   The record reflects that Defendant Sedgwick Claims Management Services, Inc. was served with a copy of the Plaintiff's Petition on September 15, 2023 and Defendant Park Hotel & Resorts, Inc. was served a week later on September 22, 2023.[27]  Nevertheless, it is undisputed that the Defendants did not remove this action within thirty days of being served.

While a party normally must file a notice of removal within thirty days of being served with a copy of the initial pleading setting forth the claim for relief, such is the

---

[24] *Id.* § 1446(b)(3).
[25] *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392; 28 U.S.C. § 1447(c).
[26] 28 U.S.C. § 1447(c).
[27] *See* R. Doc. 1-1 at pp. 10, 12.

case only where the initial pleading is itself removable, *i.e.*, meets the requirements for federal court jurisdiction.[28]  However, if the initial pleading is not removable, a party may file a notice of removal within thirty days of receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[29]  The Defendants rely upon this latter rule to support the timeliness of their notice of removal.  In that Notice, Defendants assert: "Because this Notice of Removal is filed within 30 days of the deadline in which plaintiff had to admit or deny the Requests for Admission, this Notice of Removal is timely filed given that it is filed within thirty days of the October 26, 2023 deadline in which plaintiff had to admit or deny the Request."[30]

Somewhat perplexingly, Plaintiff relies on 28 USC § 1446, the same statute relied on by Defendants in its Notice of Removal, to argue that Defendants' Notice of Removal is untimely.[31]  Plaintiff (in bold, underlined, and italicized) asserts that "[w]hen the initial pleading is not removable, a defendant must file the Notice of Removal within 30 days of the defendant's receipt of a pleading or other paper from which it may first be ascertained that the case is or has become removable,"[32] correctly citing 28 U.S.C. § 1446(b)(3).[33]  For reasons unknown, or perhaps for a lack of understanding, Plaintiff fails to further address 28 U.S.C. § 1446(b)(3) in its briefing.

---

[28] *See* 28 U.S.C. § 1446(b)(1).
[29] *Id*. § 1446(b)(3).
[30] R. Doc. 1. (citing 28 U.S.C. § 1446(b)(3)).
[31] R. Doc. 9-1 at p. 3.
[32] *Id*.
[33] *See id*. at n.8.

Plaintiff's initial state court Petition was not removable. In her Petition, Plaintiff did not specify any amount of damages that she sustained as a result of her alleged accident. Indeed, she stated that she "is unsure whether her damages exceed the minimal jurisdictional threshold amount required to maintain federal court jurisdiction."[34] Nor was there any other information in the state court Petition sufficient to demonstrate that the amount in controversy had been met. Because the Petition did not specify an amount of damages, and because it is not "facially apparent" from the Petition that the Plaintiff's damages exceeded $75,000, there was no basis for federal court jurisdiction at the time the Petition was filed and thus the action was not removable at that time.

The Defendants contend that the action did not become removable until Plaintiff was deemed to have admitted that she seeks greater than $75,000 in damages by failing to respond to the Defendants' Request for Admission.[35] In other words, the Defendants claim that the failure to respond constitutes an "other paper" from "which it may first be ascertained that the case is one which is or has become removable."[36] The Court agrees. Pursuant to Louisiana Code of Civil Procedure article 1467(A), once a party is served with a request for admission, "[t]he matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to

---

[34] R. Doc. 1-1 at p. 6.
[35] *See* R. Doc. 11 at p. 5.
[36] 28 U.S.C. § 1446(b)(3).

the matter, signed by the party or by his attorney."[37]   In turn, an admission pursuant to La. Code Civ. Proc. art. 1467 "qualifies as 'other paper' by the terms of 18 U.S.C. § 1446(c)(3)(A) and trigger[s] the 30–day removal clock."[38]   Plaintiff failed to respond to the Defendants' October 26, 2023 request for admission that her demand exceeded $75,000.   Accordingly, thirty days later, on November 27, 2023, the matter was admitted.[39]   Because the Defendants removed the case on December 1, 2023—within thirty days of the case becoming removable—the Notice of Removal is timely.   The Court therefore denies Plaintiff's Motion to Remand.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand[40] is **DENIED**.

New Orleans, Louisiana, February 5, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[37] La. Code Civ. Proc. art. 1467(A).
[38] *Gayden v. Winn-Dixie Montgomery, Inc.*, No. CIV. A. 13-6232, 2014 WL 433503, at *4 (E.D. La. Feb. 4, 2014) (Vance, J.); *accord Dejean v. Vermont Mut. Ins. Co.*, No. CV 23-5022, 2023 WL 7103278, at *3 (E.D. La. Oct. 27, 2023) (Africk, J.).
[39] *See* La. Code Civ. Proc. art. 1467(A); *see also Gayden*, 2014 WL 433503, at *4 ("When [the plaintiff] failed to respond to defendant's request for admission that the amount in controversy exceeded $75,000, that statement was deemed admitted in accordance with La. Code Civ. Proc. art. 1467.").
[40] R. Doc. 9.