UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN KING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7139** |
| **PARK HOTELS & RESORTS, INC., ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Motion to Remand filed by the Plaintiff, Gwendolyn King.[1] The Defendants, Park Hotel & Resorts, Inc. and Sedgwick Claims Management Services, Inc., oppose the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Court **GRANTS** the Motion and remands this matter to Orleans Parish Civil District Court.

### I.   FACTUAL & PROCEDURAL BACKGROUND

This Court has previously detailed the factual and procedural background of this case.[3] Accordingly, the Court only discusses the procedural background relevant to the instant Motion.

In her initial state court Petition, the Plaintiff averred that the damages sought exceeded $10,000 but claimed that she was "unsure at present whether her damages exceed the minimal jurisdictional threshold required to maintain federal court jurisdiction."[4] While this matter was still pending in state court, the Defendants requested the Plaintiff admit that the amount of damages sought exceeds

---

[1] R. Doc. 25.
[2] R. Doc. 31.
[3] *See* R. Doc. 13 at pp. 1–3.
[4] R. Doc. 1-1 at p. 6.

$75,000, exclusive of costs and interest.[5] The Plaintiff was required under Louisiana law to respond to that Request for Admission within thirty days of service.[6] The Plaintiff failed to timely respond and thus was deemed to have admitted the request.[7]

The Defendants removed this action to this Court on December 1, 2023, on the basis that the Plaintiff's failure to respond to the Request for Admission regarding whether her claim exceeded $75,000 constitutes an "other paper" for purposes of determining the timeliness of the removal.[8] In their Notice of Removal, the Defendants contended that because the removal took place within thirty days of when the deadline for the Plaintiff to respond to the Request for Admission had lapsed, their removal was timely.[9]

The Plaintiff filed her first remand motion on December 28, 2023, arguing that the removal was procedurally defective because the Defendants did not remove the action within thirty days of service of her state court Petition.[10] The Court denied the Plaintiff's motion, explaining that because the Defendants removed the case within thirty days of the case becoming removable, their Notice of Removal was timely.[11] Specifically, the Court found that the Plaintiff's admission that the amount in controversy exceeded $75,000 qualified as an "other paper" by the terms of 18 U.S.C. § 1446(c)(3)(A), thereby triggering the thirty-day removal clock. Because the Defendants removed this action within that timeframe, their removal was timely.

---

[5] R. Doc. 11-3.
[6] *Id.*; LA. CODE CIV. PROC. art. 1467(A).
[7] LA. CODE CIV. PROC. art. 1467(A); R. Doc. 1 at ¶ 8.
[8] R. Doc. 1 at ¶ 8.
[9] *Id.*
[10] R. Doc. 9.
[11] R. Doc. 13.

In the instant Motion, the Plaintiff once again seeks to remand this action to state court. This time, the Plaintiff argues that the amount in controversy requirement has not been satisfied and therefore that the Court lacks diversity jurisdiction over this case.[12] The Plaintiff claims that this Court has never determined that the amount in controversy has been met and that the only evidence relied upon by the Defendants to prove the amount in controversy—the Plaintiff's admission that her claims exceed $75,000—is insufficient. The Plaintiff argues that her failure to timely admit or deny that her claims exceed $75,000, deemed an admission under Louisiana law, cannot serve as the sole basis for federal court jurisdiction, especially where, as here, the Plaintiff has filed a post-removal Stipulation that her claims do not and have never exceeded the threshold jurisdictional requirements. The Plaintiff analogizes to a case from a separate section of this Court which found, under similar circumstances as those here, that a plaintiff's case should be remanded.[13]

The Defendants filed a Response to the Plaintiff's Motion to Remand.[14] In that response, the Defendants "acknowledge the post-removal binding and irrevocable stipulation executed by plaintiff" and further acknowledge that, in light of the Binding Stipulation precluding the Plaintiff from receiving damages in excess of $75,000, "Defendants acknowledge there would be no practical basis for this Court's

---

[12] *See* R. Doc. 25.
[13] *See Lazard v. Winn-Dixie Montgomery, LLC*, No. 21-CV-1833, 2022 WL 17414304 (E.D. La. Dec. 5, 2022).
[14] R. Doc. 31.

subject matter jurisdiction pursuant to 28 U.S.C. §1332."[15]  The Defendants then correctly point out that, under binding Fifth Circuit precedent, the jurisdictional facts that support removal "must be judged **at the time of the removal**, and any post-petition affidavits are allowable only if relevant to that period of time."[16]

## II.   LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[17]  The removing party bears the burden of proving federal diversity jurisdiction.[18]  The removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[19]  Remand is proper if at any time the court lacks subject matter jurisdiction.[20]  When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[21]

Even if the requirements of subject-matter jurisdiction are satisfied, the removing party must meet certain procedural requirements.  One such requirement is that the notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

---

[15] *Id.*
[16] *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (emphasis added).
[17] 28 U.S.C. § 1441(a).
[18] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[19] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).
[20] *See* 28 U.S.C. § 1447(c).
[21] 28 U.S.C. § 1332(a)–(a)(1).  There is no dispute that the complete diversity requirement is satisfied in this case.

the claim for relief upon which such action or proceeding is based."[22] However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[23] Because this procedural requirement and bar to removal does not implicate subject matter jurisdiction—and is therefore waivable—a plaintiff must file a motion to remand based on this defect within thirty days of the filing of the notice of removal under 28 U.S.C. § 1446(a).[24]

## III. ANALYSIS

The Plaintiff argues that her failure to timely admit that her claims exceed $75,000, deemed an admission under Louisiana law, cannot serve as the sole basis for federal court jurisdiction, especially where, as here, a Plaintiff has filed a post-removal stipulation that her claims do not exceed the threshold jurisdictional requirements. The Plaintiff relies on an order from another section of this Court to support her argument.[25] The Court need not address that case, or the Plaintiff's argument in great detail.[26]

---

[22] 28 U.S.C. § 1446(b)(1).
[23] *Id.* § 1446(b)(3).
[24] *In re 1994 Exxon Chem. Fire*, 558 F.3d at 392; 28 U.S.C. § 1447(c).
[25] *See Lazard*, 2022 WL 17414304.
[26] This Court has previously found that a plaintiff's failure to answer a request for admission concerning the amount in controversy is not, by itself, sufficient to establish the jurisdictional amount for diversity purposes. *See La Health Sols.-Laplace, LLC v. Safepoint Ins. Co.*, Civil Action No. 23-14-WBV-JVM (E.D. La. Jan. 10, 2023), Rec. Doc. 10; *see also Jones v. AAA Club Fam. Ins. Co.*, No. 07-CV-6988, 2007 WL 4365443, at *1 (E.D. La. Dec. 10, 2007) ("The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes. The defendant's argument is based on the plaintiff's failure to answer a request for admission in state court directed to the existence of the jurisdictional amount. The Court finds, however, that this failure to answer can not support

In this matter, the Plaintiff has now filed a "Binding Stipulation" in which she advises that "at no time has the amount and/or value in controversy in the above-captioned legal proceedings exceeded a sum or value of $75,000, exclusive of interest and costs."[27] By filing this Stipulation, the Plaintiff seemingly contends that the amount in controversy was not met at the time of removal. If the amount in controversy was not met at the time of removal, this Court's subject matter jurisdiction would be at issue. Importantly, the Plaintiff further advises that she "agrees and does stipulate that in the event an award greater than $75,000, exclusive of interest and costs, is made in her favor by any court or other authority at any time, she will not seek or accept—and expressly and affirmatively renounces in waives any right to accept—any amount in excess of $75,000, exclusive of amounts awarded that are attributable solely to interest on the award (the interest being on an amount not greater than $75,000) and costs."[28] The Plaintiff advises that her Stipulation is binding and irrevocable.[29] While post-removal affidavits may be considered in determining the amount in controversy for diversity jurisdiction at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal.[30] Based on the unique facts of this case, the Court determines that the Plaintiff's post-removal affidavit in the form of a Binding Stipulation[31] is properly considered by the Court to determine if the amount in

---

this Court's subject matter jurisdiction alone because it represents another form of the parties' consent to jurisdiction, which is not allowed.").
[27] R. Doc. 24 at ¶ 2,
[28] *Id.* at ¶ 3.
[29] *Id.* at ¶ 4.
[30] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[31] R. Doc. 24.

controversy was met at the time of removal. Further, based on the Plaintiff's Binding Stipulation, the Court determines that the amount in controversy was less than $75,000 at the time of removal. The Court emphasizes that its holding is a narrow one based on the unique facts of this case as well as the memoranda submitted by the parties. The Plaintiff's "Binding Stipulation" further speaks to its effect upon remand.[32]

## IV. CONCLUSION

For the above reasons, and specifically considering the Plaintiff's Binding Stipulation as addressed above,[33]

**IT IS HEREBY ORDERED** that the Motion to Remand[34] is **GRANTED and this matter is remanded to Civil District Court of Orleans Parish**.

New Orleans, Louisiana, August 20, 2024.

**WENDY B. VITTER**
**United States District Judge**

---

[32] To the extent that Defendant seeks an Order from this Court, as proposed, that the Plaintiff "is precluded from receiving a damage award, if any, that exceeds $75,000," the Court finds such an Order inappropriate and unnecessary. Plaintiff's Binding Stipulation is clear that the amount in controversy is not and has never been met and, further, "that Plaintiff agrees and does stipulate that in the event an award greater than $75,000, exclusive of interest and costs, is made in her favor by any court or other authority at any time, she will not seek or accept—and expressly and affirmatively renounces in waives any right to accept—any amount in excess of $75,000, exclusive of amounts awarded that are attributable solely to interest on the award (the interest being on an amount not greater than $75,000) and costs." The Court has no reason to doubt that this Binding Stipulation will remain undisturbed once this matter is remanded.

[33] R. Doc. 24.

[34] R. Doc. 25.